IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. EP-03-CR-301-DB |
| | ) | |
| **MARIO A. REYNOSO** | ) | |

## PLEA AGREEMENT

Comes now the United States of America, by and through its United States Attorney for the Western District of Texas, and Defendant **MARIO A. REYNOSO**, by and through his attorney, and notify this Court that a Plea Agreement has been reached between the parties to the above entitled and numbered cause as follows:

The Defendant, **MARIO A. REYNOSO**, agrees to plead guilty to Count I of the Indictment currently pending against him in the above entitled and numbered cause, charging him with a violation of Title 21, United States Code, §§ 952(a), 960(a)(1) and 960(b)(3), Importation of a Controlled Substance, which offense involved 50 kilograms or more of a mixture or substance containing a detectable amount of marijuana. In exchange, the Government agrees to move for dismissal of the remaining count of the Indictment currently pending against Defendant at the time of sentencing.

The Government agrees not to oppose the award of a two or three level reduction for acceptance of responsibility. Defendant realizes award of such an adjustment ultimately remains in the Court's discretion.

The Government does not oppose an adjustment for "minor role" if the evidence supports such finding.

The Defendant shall, as a condition precedent to seeking a two-level downward adjustment pursuant to §§ 2D1.1(b)(6), 5C1.2 of the United States Sentencing Guidelines (the Guidelines) submit to the Government within ten (10) calendar days after the date of entering the plea of guilty, a written and signed declaration made under penalty of perjury and drafted in accordance with 28 U.S.C. § 1746, truthfully providing all information and evidence the Defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. If the Defendant requests to be sentenced at the time of the plea, the Defendant shall submit such declaration at least ten (10) calendar days **before** entering the guilty plea. **If the Defendant fails to provide this declaration within the required period, the Government has no duty to seek from nor any duty to extend to the Defendant, any further interview for purposes of qualifying the Defendant for a downward adjustment pursuant to U.S.S.G. §§ 2D1.1(b)(6), 5C1.2(5). The Defendant agrees that the failure to timely comply with the requirements of this paragraph shall constitute a waiver of the right to seek an adjustment pursuant to § 2D1.1(b)(6) of the Guidelines, and constitutes a voluntary and informed election not to disclose information about the offense(s) to which the Defendant is pleading guilty. By signing this Plea Agreement, the Defendant waives all written or oral notice from the Government regarding any opportunity to provide a truthful, written statement or further personal interview.**

The Defendant shall be available for additional personal interviews as may be requested by the Government. If, in the exercise of its discretion, the Government determines the Defendant has met the requirements of § 5C1.2(5), then the Government agrees not to oppose a two-level downward adjustment pursuant to §2D1.1(b)(6), if the Defendant also qualifies for such adjustment pursuant to § 5C1.2 (1)-(4). The Defendant understands that the award of any such adjustment ultimately remains

in the Court's discretion, and the Court makes the ultimate determination of whether the Defendant has met the requirements of § 5C1.2(5) for purposes of sentencing.

The Defendant is aware that his sentence will be imposed in conformity with the <u>Federal Sentencing Guidelines and Policy Statements</u>, which may be up to the maximum allowed by statute for his offense(s). He is also aware that the sentence to be imposed is not subject to parole. By entering into this agreement, and as a term of this agreement, the Defendant voluntarily and knowingly waives his right to appeal his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742; provided, however, that this waiver does not extend to his right to appeal any upward departure pursuant to U.S.S.G. § 5K2.0 from the Guideline range found by the District Court. The Defendant also voluntarily and knowingly waives his right to contest his sentence in any post-conviction proceeding, including but not limited to, a proceeding pursuant to 28 U.S.C. §2255; <u>provided</u>, however, that consistent with principles of professional responsibility imposed on the Defendant's counsel and counsel for the Government, the Defendant does not waive his right to challenge his sentence to the extent that it is the result of a violation of his constitutional rights based on claims of ineffective assistance of counsel or prosecutorial misconduct of constitutional dimension.

The Defendant waives his rights to challenge the sentence imposed, knowing that the Court has not yet determined his sentence. The Defendant is aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government, or the Probation Office is not a promise, did not induce his guilty plea or this waiver, and does not bind the Government, the Probation Office, or the Court. In other words, the Defendant understands that he cannot challenge the sentence imposed by the District Court, even if it differs substantially from any sentencing range estimated by his attorney, the attorney for the Government, or the Probation Officer. Realizing the

uncertainty in estimating what sentence he will ultimately receive, the Defendant knowingly and voluntarily waives his rights to appeal the sentence or contest it in any post-conviction proceeding in exchange for the concessions made by the Government in this Agreement.

The Government reserves the right to: (1) bring its version of the facts of this case to the attention of the probation office in connection with that office's preparation of a presentence report; (2) dispute sentencing factors or facts material to sentencing in the presentence report; and (3) seek resolution of such factors or facts in conference with opposing counsel and the United States Probation Office.

Attached to this plea agreement is a written factual basis supporting Defendant's plea. The Government intends to read such factual basis in open court at the time of the plea and such written factual basis will be a part of the plea agreement and will be filed with the Agreement. By signing the Plea Agreement, Defendant admits to the factual basis as alleged by the Government.

Respectfully submitted,

JOHNNY SUTTON
UNITED STATES ATTORNEY

BY: _____
WILLIAM F. LEWIS, JR.
Assistant U.S. Attorney

_____
MARIO A. REYNOSO
Defendant

_____
AHILAN ARULANANTHAM
Attorney for Defendant

4

## FACTUAL BASIS IN SUPPORT OF PLEA

On January 31, 2003, the Defendant, MARIO ALBERTO REYNOSO, attempted to enter the U.S. from the Republic of Mexico at the Bridge of the Americas Port of Entry, El Paso County, Texas, within the Western District of Texas, driving a 1985 GMC Pickup Truck.

The Primary Immigration Inspector received a negative declaration from the defendant. The Defendant also stated to the Inspector that the truck belonged to his father-in-law. The defendant appeared to the Inspector to be overly compliant when answering questions.

At Secondary Inspection, the Customs Inspector also received a negative declaration. The Defendant again stated that the vehicle belonged to his father-in-law and that he had borrowed it to drive to work.

Inspection of the vehicle at this time resulted in the discovery of two trap doors, located and concealed under the seat of the vehicle. Once these trap doors were opened several PVC tape wrapped bundles were found concealed in the gas tanks. The gas tanks were dismantled and a total of 104 tape wrapped bundles were recovered from within the fuel tanks. One of the bundles was field tested, returning a positive result for the presence of marijuana. The total weight of the bundles recovered was 115.6 pounds (52.55 Kg), an amount consistent with distribution.

Reynoso was advised of his Miranda rights. Reynoso waived his rights and stated to Agents that:

> He was approached by a Hispanic male at Margaritas Nightclub who offered the Defendant $1,000.00 to cross a vehicle into the United States;
> he was to take the vehicle to his residence in El Paso;
> someone would follow him to his house and would compensate him for his part in the smuggling venture;
> he did not know what was in the vehicle, but believed it contained marijuana due to the amount of money he was to be paid.